# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00110-MR

| | |
|---|---|
| TERRENCE JAVARR ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| CLEVELAND COUNTY, ) | |
| NORTH CAROLINA ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending before the Court are Plaintiff's motion for appointment of counsel [Doc. 3] and "Motion to Show Cause for a Preliminary Injunction" [Doc. 7]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 10].

## I.     BACKGROUND

Pro se Plaintiff Terrence Javarr Ross ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. Plaintiff filed this action on May 4, 2020, pursuant to 42 U.S.C. § 1983, naming as Defendants Cleveland

County, North Carolina; the City of Shelby, North Carolina; and Mike Miller, identified as the District Attorney of the City of Shelby and Cleveland County.[1] [Doc. 1]. Plaintiff alleges that, in June 2009, he was tried by a jury in state court on drug charges. [Id. at 4]. Plaintiff alleges that during jury deliberations, then District Attorney Rick Schaffer brought to the Court's attention that the jury may have been tampered with and stated his intention to ask for a mistrial. After several hours of waiting for Mr. Schaffer to produce evidence of the jury compromise, the judge, the Honorable Gentry Caudill, advised Mr. Schaffer that he could not hold jury deliberations indefinitely. [Id.]. Mr. Schaffer then withdrew his request for a mistrial and asked that jury deliberations resume. [Id.]. Judge Caudill allowed deliberations to continue and the jury found Plaintiff guilty on all counts. [Id. at 5]. Plaintiff alleges that he was sentenced to a term of imprisonment of 133 to 169 months. [Id.]. After leaving the courthouse to be transferred to N.C. Department of Public Safety (NCDPS) custody, Judge Caudill called Plaintiff back to the courtroom. [Id.].

Plaintiff further alleges that, on his return to the courtroom, Assistant District Attorney (ADA) Elizabeth Law testified that when she was speaking

---

[1] There is no such office as District Attorney of the City of Shelby. As such, the Court assume for the sake of its initial review that Defendant Miller is the District Attorney for Cleveland County only.

with several jurors after the verdict, juror Brandi Cordle "broke down in tears." [Id.]. Thereafter, Ms. Cordle recounted that she had been approached by an unknown female who attempted to bribe Ms. Cordle to vote Plaintiff not guilty. [Id. at 6]. Ms. Cordle told ADA Law that another juror, Lance Allen, also knew of the attempted bribery. [Id.]. Plaintiff further alleges that Judge Caudill held a hearing the following week to address the issue. After hearing testimony by Ms. Cordle and Mr. Allen at this hearing, Judge Caudill "ruled that Plaintiff's trial and verdict [were] fair and impartial, allowing the verdict to stand." [Id. at 6].

Plaintiff alleges that, on July 20, 2009, Chastity Michelle Burns, the unknown female, was indicted in the Superior Court of Cleveland County for felony obstruction of justice and bribery of a juror. [Id. at 7]. Plaintiff alleges that Defendant Miller was the prosecuting attorney in Ms. Burns' case. [Id.]. Plaintiff further alleges that on October 9, 2009, Ms. Burns pleaded guilty before Senior Resident Superior Court Judge Forrest D. Bridges. [Id.]. Ms. Burns was sentenced to a term of imprisonment of 21 to 26 months. [Id.].

Plaintiff further alleges that from July 2009 until the end of 2019, Plaintiff was never informed of Ms. Burns' indictment and guilty plea. During this time, Plaintiff unsuccessfully appealed his conviction to the North Carolina Court of Appeals and filed numerous motions for appropriate relief

(MARs), arguing that neither the jury nor the verdict were "fair and impartial" because of the attempted bribery by Ms. Burns. [Id. at 7-8]. Plaintiff alleges, with respect to the MARs, "[i]n each instance Judge Bridges upheld Judge Caudill's ruling that the jury and verdict was fair and impartial." [Id. at 9]. Plaintiff alleges that, at the end of 2019, he was informed "by a diligent family member" about Ms. Burns' indictment and guilty plea. [Id. at 9]. Plaintiff alleges that his sentence for the three state charges was satisfied on March 6, 2020.[2] [Id.]. Plaintiff alleges that he has filed another motion for appropriate relief, citing "the newly discovered evidence" of Ms. Burns' indictment and guilty plea, and that Judge Bridges ruled that, "'[i]n the exercise of discretion and in order to avoid the appearance of impropriety in this matter, the undersigned hereby directs that' the Plaintiff's MAR 'shall be determined by some other judge.'"[3] [Id.].

Plaintiff claims that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated by these alleged acts and omissions. [See id. at 11-12, 15]. Plaintiff contends the Fifth and Fourteenth Amendments "require the government to disclose

---

[2] As noted, when Plaintiff filled this action on May 4, 2020, he was incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. [Doc. 1 at 3]. Therefore, Plaintiff's continued imprisonment is presumably due to some other conviction.

[3] Plaintiff did not include this MAR among the materials he attached to his Complaint. Presumably, it remained pending at the time Plaintiff filed this action.

4

Case 1:20-cv-00110-MR   Document 12   Filed 06/24/20   Page 4 of 12

specific types of evidence to defendants." [Id. at 11]. Plaintiff believes that the alleged failure of Judge Bridges to notify Plaintiff or his appellate counsel of Ms. Burns' indictment and guilty plea constituted a withholding of evidence to which Plaintiff was entitled under the Fifth and Fourteenth Amendments. Plaintiff claims his Sixth Amendment right to an impartial jury was also violated. [Id. at 11-12].

Further, Plaintiff claims that Judge Bridges' failure to notify Plaintiff over time constituted "a policy" by the "senior judge" and "chief policy policymaker." [Id. at 13-14]. While Plaintiff recognizes Judge Bridges' absolute immunity from suit for actions in his judicial capacity, Plaintiff asserts that his claims against Cleveland County and the City of Shelby are based on the policies of Judge Bridges, their chief policymaker, because there is "no other policymaker in said municipalities [ ] authorized to overrule his authority." [Id. at 10, 14]. Plaintiff further asserts that "single acts or decisions may constitute municipal policy if they are made by policymakers." [Id. at 11].

As for Defendant Miller, Plaintiff claims Miller "had a statutory duty, and constitutional mandate to forward [the evidence of Ms. Burns' indictment and guilty plea] to the Plaintiff" or his appellate counsel. [Id. at 14]. Finally, Plaintiff vaguely asserts that Defendants acted with "deliberate indifference

5

Case 1:20-cv-00110-MR   Document 12   Filed 06/24/20   Page 5 of 12

pursuant to the Eighth Amendment" but does not otherwise explain how he believes his Eighth Amendment rights were violated.[4] [Id. at 15].

Plaintiff seeks declaratory, injunctive, and monetary relief, including punitive damages. [Id. at 18-19]. Plaintiff alleges that he "has been and will continue to be irreparably injured by the Conduct of the Defendant unless this court grants the declaratory and injunctive relief Plaintiff seeks." [Id. at 16]. Plaintiff, however, does not state how he has been injured.

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

---

[4] Because Plaintiff states no facts in support of this claim and because the Court sees no basis for relief under the Eighth Amendment, the Court declines to further address this claim.

6

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. District Attorney Miller

District attorneys are absolutely immune from liability for damages under § 1983 for acts taken as an officer of the court. Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009); Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984 (1976). Prosecutors are not, however, immune in § 1983 suits seeking prospective injunctive or declaratory relief. Supreme Court of

Virginia v. Consumers Union of U.S., Inc., 446 U.S. 719, 736, 100 S. Ct. 1967, 1977 (1980); Robertson v. Huffman, 144 F.Supp.2d 447, 451-52 (W.D.N.C. 2001). This exception applies only where the plaintiff seeks prospective injunctive relief from a continuing violation of federal law, and not for declaratory relief for a past violation of federal law. Green v. Mansour, 474 U.S. 64, 71-74, 106 S. Ct. 423 (1982).

Plaintiff claims that Defendant Miller violated Plaintiff's constitutional rights by failing to notify Plaintiff or his appellate counsel that Ms. Burns was indicted and pleaded guilty to the jury tampering charges related to Plaintiff's criminal trial. Plaintiff claims that this information constituted "material evidence" because "there is a [reasonable] probability that disclosure of the "evidence" would have changed the outcome of the proceeding." [Doc. 1 at 12]. Plaintiff does not allege what proceeding he believes would have ended differently with this "evidence." The Court presumes, for the sake of argument, that Plaintiff means his post-conviction MARs, seeing that the evidence did not exist at the time of Plaintiff's criminal trial. Moreover, Plaintiff fails to explain how evidence that someone attempted to unlawfully influence the jury in Plaintiff's trial **in his favor** would somehow have served to undermine or vacate his conviction or sentence.

In addition to monetary relief, Plaintiff seeks a "declaration that the acts

and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States." [Doc. 1 at 18]. Plaintiff also requests an injunction ordering Defendants to implement a policy requiring notification of a convicted defendant whose trial was marred by potential jury tampering when the offender is indicted and/or convicted relative to such tampering. [Id.].

The Plaintiff cites to no authority that would have required Defendant Miller to notify Plaintiff of Ms. Burns' indictment and guilty plea. Ms. Burns' proceedings are a matter of public record that could have been accessed by anyone at Plaintiff's direction at any time. Further, Ms. Burns is presumably someone known well to Plaintiff. After all, she attempted to bribe the jury to find the Plaintiff not guilty. As such, the information Plaintiff claims was wrongfully withheld from him was readily available. In any event, even if Defendant Miller committed some wrong in violation of Plaintiff's constitutional rights, the alleged wrong occurred in the course of Miller's duties as an officer of the court and he is absolutely immune from suit in damages. See Van de Kamp, 129 S. Ct. at 861-62.

Plaintiff's claims for declaratory and injunctive relief against Defendant Miller also fail. There is no continuing violation of federal law to be redressed through such relief. See Green, 474 U.S. at 71-74. Plaintiff has apparently

9

satisfied his sentence for the criminal charges. [Doc. 1 at 9]. Plaintiff now knows of Ms. Burns' indictment and guilty plea. As such, the relief Plaintiff seeks relates to persons other than Plaintiff, unknown future defendants whose criminal trials may be the object of attempted jury tampering. The injunctive and declaratory relief sought by Plaintiff against Defendant Miller, to the extent any fault might lie for his failure to notify Plaintiff of Ms. Burns' conviction, is unavailable.

As such, Defendant Miller will be dismissed as a Defendant in this matter with prejudice.

### B. Cleveland County and the City of Shelby

A county or municipality may be held liable under § 1983 only for acts for which the county has final policymaking authority. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S. Ct. 915 (1988). Whether a county or county official has final policymaking authority in a specific area is a question of state law. Id. Pursuant to Article IV, § 9 of the North Carolina Constitution, Superior Court Judges are elected officials.

Plaintiff contends that Judge Bridges is the chief policymaker for Cleveland County and the City of Shelby and that, because Judge Bridges acted pursuant to his own informal policy for § 1983 purposes, these Defendants can be liable. Plaintiff's argument is wholly without merit.

Judge Bridges is an elected official of the judicial branch of the State government. He is not the chief policymaker for the City or the County and neither the City nor the County have authority under North Carolina law to make policy for the Superior Court or a Superior Court Judge. See Wiley v. Buncombe Cty., 846 F. Supp. 2d 480, 486–87 (W.D.N.C.), aff'd, 474 F. App'x 285 (4th Cir. 2012) (dismissing § 1983 claim against defendant county for conduct by Deputy Clerk of Court). As such, whether Judge Bridges decides or omits to notify a defendant under the circumstances argued by Plaintiff here is not a matter of City or County policy. Plaintiff has not and cannot state a claim against Cleveland County or the City of Shelby under the circumstances of his case.

Plaintiff, therefore, has also failed to state a claim against Defendants City of Shelby and Cleveland County.

The Court will dismiss Plaintiff's Complaint with prejudice. The Court will also deny Plaintiff's motion for counsel and "Motion to Show Cause for a Preliminary Injunction" as moot.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted under § 1983. The Court will dismiss Plaintiff's Complaint with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motions [Docs. 3, 7] are **DENIED** as moot.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 24, 2020

Martin Reidinger
Chief United States District Judge